IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL THOMAS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00225-TFM-B |
| | * |
| PROGRESSIVE, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Progressive Specialty Insurance Company's motion to dismiss Plaintiff Michael Thomas' complaint, or in the alternative, motion for a more definite statement (Doc. 9). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. 5). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion (Doc. 9) be **GRANTED in part**, and that Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, but without leave to amend.

I.  **BACKGROUND**

On June 13, 2023, Plaintiff Michael Thomas ("Thomas"), who is proceeding *pro se*, filed a complaint against Defendant Progressive

Specialty Insurance Company ("Progressive")[1] and paid the filing fee for a civil action. (Docs. 1, 2). In his complaint,[2] Thomas asserts the existence of federal question jurisdiction based on: "Bill of Exchange Act, Federal Reserve Act section 16 part 1 and 2, Federal Reserve Act Section 29, Cestui Que Vie Act."[3] (Doc. 1 at 3). When prompted on the complaint form to write a short and plain statement of his claim and to state the relief he is requesting, Thomas states: "See attached affidavit." (Id. at 4).

Thomas attaches to his complaint three letters that are purportedly signed by "Michael Thomas" as "agent" or "beneficiary" on behalf of "MICHAEL THOMAS" as "Principal." (Doc. 1-1 at 1, 3-4).

The first letter, which is titled "Affidavit"[4] and dated May 8, 2023, states:

> On the 8th day of May 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of Progressive, John Sauerland, to transfer the principal's balance to the principal's account# every month for set

---

[1] The Defendant's name is listed as "Progressive" in Thomas' complaint. (Doc. 1 at 1-2).

[2] Thomas utilized a complaint form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case." (See Doc. 1).

[3] Unless otherwise indicated by brackets, quoted language from Thomas' *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[4] The purported "Affidavit" was not sworn to and subscribed before a notary. (See Doc. 1-1 at 1).

> off. I instruct the CFO to communicate in writing within five (5) business days once instructions are completed. If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason of non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed.

(Id. at 1). Thomas also attaches a marked-up payment coupon that he apparently sent to Progressive along with the purported affidavit. (Id. at 2). The payment coupon contains handwritten notations "by: Michael Thomas/beneficiary for: MICHAEL THOMAS/principal" that include the terms "Accepted For deposit" and "Payable to bearer." (Id.). In the line for "Amount enclosed," Thomas wrote "$1,008.58," which was the amount of his remaining balance with Progressive. (Id.).

The second letter, which is titled "Opportunity to cure (Second Tier)" and dated May 15, 2023, states:

> To John Sauerland,
>
> As the beneficiary of the principal, MICHAEL THOMAS, I hereby instruct the CFO of Progressive, John Sauerland, to transfer the principal's balance to the principal's account# for every billing cycle for set off each month. I have recently sent a power of attorney with instructions and the fiduciary performance was not performed. This is my second letter and I would like to know the reason for non-fiduciary performance in writing within the next five (5) business days. As a reminder non fiduciary performance is a breach of fiduciary duty.

(Id. at 3).

The third letter, which is titled "Notice of Default (Third Tier)" and dated May 25, 2023, states:

> To John Sauerland,
>
> I, Thomas, Michael, as the Agent of the principal, MICHAEL THOMAS, I hereby instruct the CFO of Progressive, John Sauerland, to transfer the principal's balance to the principal's account for every billing cycle for set off each month.  I have recently sent a power of attorney with instructions and the fiduciary duties was not performed.  This is my third letter, and I would like to know the reason for non-fiduciary performance in writing within the next five (5) business days.  As a reminder non fiduciary performance is a breach of fiduciary duty.

(Id. at 4).

Lastly, Thomas attaches a document which appears to have been sent to him by Progressive and which states:

> **Important Information About Your Payment**
>
> 05/17/2023
> Policy Number:
> Payment Type:Unknown 000
> Payment Amount: $0.00
> Postmark Date: 05/08/2023
>
> Unacceptable form of payment

(Id. at 5).

On July 28, 2023, Progressive filed the instant motion to dismiss Thomas' complaint and alternatively moved the Court to order Thomas to provide a more definite statement of his claims and factual allegations.  (Doc. 9).  Progressive argues that Thomas' complaint lacks sufficient factual matter to establish any entitement to relief against Progressive.  (Id. at 2-3).

4

Progressive also argues that Thomas' complaint fails to establish that this Court has subject matter jurisdiction over his claims against Progressive. (Id. at 3-4). Alternatively, Progressive argues that if the Court does not dismiss the complaint outright, Thomas should at minimum be ordered to file an amended complaint that provides a more definite statement of his claims. (Id. at 4-5). Finally, Progressive asserts that Thomas failed to perfect proper service of process, although it notes that Thomas' failure "appears to be more technical than substantive" and that it "is addressing the apparent service deficiencies in order to ensure it does not waive this defense in the event the technical deficiencies turn out to be more substantive." (Id. at 5-6 & n.2).

Thomas filed a response to Progressive's motion, which states the following:

> Motion to dismiss should be denied due to the following reasons:
>
> A POA was sent with a letter of instruction stating I'm the beneficiary owner of the account accepting all rights, titles, interest and equity that's owed to the principal on behalf of the principal and to transfer the principal's balance to the principal's account each month for set off. As the beneficiary owner of the account, the defendant refused to perform their fiduciary duties by refusing to follow the instructions sent to the CFO of PROGRESSIVE. The defendant should state why fiduciary duties weren't performed. Interest and equity are owed to the principal and the defendant should state why as the beneficiary owner I'm not able to use the interest and equity on behalf of the principal. If the defendant states interest and equity isn't owed to the principal, then the defendant is admitting to interest fraud and equity fraud.

5

**CONCLUSION**

> Interest and equity are owed to the principal and as the beneficiary owner of the account the defendant is refusing me from the interest and equity that's owed to the principal which is interest fraud and equity fraud.

(Doc. 11).

Progressive filed a reply to Thomas' response (Doc. 12), and its motion is now ripe for resolution.

### II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Court first addresses Progressive's motion to the extent it seeks dismissal of Thomas' complaint for lack of subject matter jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994) ("[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."); PTA-FLA, Inc. v. ZTE USA, Inc., 2015 U.S. Dist. LEXIS 187448, at *4, 2015 WL 12819186, at *2 (M.D. Fla. Aug. 5, 2015) ("Before determining whether service was proper or whether there is personal jurisdiction over the new parties, errors which can be cured or waived, the Court will address the objectors' challenges to subject matter jurisdiction.") (internal citations omitted), aff'd, 844 F.3d 1299 (11th Cir. 2016).

Progressive lodges a facial attack on Thomas' complaint, arguing that the complaint and its attachments "fail to establish any set of facts upon which the Court or the Defendant could possibly conclude [that the laws cited in the complaint] (or any

law for that matter) bring the Plaintiff's claims within this Court's jurisdiction, particularly as it relates to federal question jurisdiction." (Doc. 9 at 4).

**A.   Legal Standards.**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As the form complaint used by Thomas explains (see Doc. 1 at 3), there are two primary types of subject matter jurisdiction given to federal district courts. First, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff properly invokes federal question jurisdiction under § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Second, district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citing Taylor, 30 F.3d at 1367; Fed. R. Civ. P. 8(a)).

A party may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) challenge to subject matter jurisdiction may take the form of a facial attack or a factual attack on the complaint. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). In a facial attack, such as the one here, the court must evaluate whether the complaint alleges a sufficient basis for subject matter jurisdiction, while accepting all factual allegations as true for purposes of the motion. Id. at 1529. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**B.   Analysis.**

In his complaint, Thomas asserts that the sole basis for this Court's jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331.[5]  (Doc. 1 at 3).  According to Thomas, federal question jurisdiction exists because the following "federal statutes, federal treaties, and/or provisions of the United States Constitution" are at issue in this case: "Bill of Exchange Act, Federal Reserve Act section 16 part 1 and 2, Federal Reserve Act Section 29, Cestui Que Vie Act."  (Id.).

"A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Arbaugh, 546 U.S. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  "That is, '[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of th[e] [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."'"  Hakki v. Sec'y, Dep't of Veterans Affs., 7 F.4th 1012, 1031 (11th Cir. 2021)

---

[5] Specifically, when asked on the form complaint "What is the basis for federal court jurisdiction? (*check all that apply*)," Thomas checked the box for "Federal Question" and did not check the box for "Diversity of citizenship."  (Doc. 1 at 3).

(quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998)).

Although Thomas alleges that the "Bill of Exchange Act, Federal Reserve Act section 16 part 1 and 2, Federal Reserve Act Section 29, [and] Cestui Que Vie Act" form the basis for federal question jurisdiction in this case, his complaint and exhibits are devoid of allegations or information suggesting that any of the authorities cited are either applicable to his complaint or provide him with a federal cause of action.

First, as several courts have held when faced with similar complaints filed by *pro se* litigants seeking to evade their financial obligations, Thomas' unexplained reference to a "Bill of Exchange Act" is insufficient to establish a colorable federal claim. See White v. Lake Union Ga. Partners LLC, 2023 U.S. Dist. LEXIS 184024, at *6-7, 2023 WL 6036842, at *3 (N.D. Ga. July 14, 2023) (finding that plaintiff's reference to a string of miscellaneous authorities, including "Bills of Exchange Act 1882," did not "provide him with a federal cause of action," and dismissing case for lack of subject matter jurisdiction); Wilson v. Aqua Fin., 2023 U.S. Dist. LEXIS 207303, at *9, 2023 WL 7924150, at *4 (D.S.C. Oct. 26, 2023) (finding that plaintiff's reference to "Bills of Exchange Act 1882" did not provide plaintiff with a federal cause of action); Griffin v. Gen. Elec. Credit Union, 2023 U.S. Dist. LEXIS 163030, at *7, 2023 WL 5955735, at *3 (S.D. Ohio

10

Sept. 13, 2023) ("In what may be intended as a reference to federal law, Plaintiff includes an allegation that the credit union has refused 'to accept my performance per the Bill of Exchange Act of transferring accepted credits to the account of performance of full contract continuing to keep/withhold my securities.' . . . But again, the allegations as pled require this Court to speculate as to both what law is referenced and what violation is alleged."), report and recommendation adopted, 2023 U.S. Dist. LEXIS 207449, 2023 WL 8022825 (S.D. Ohio Nov. 20, 2023); Des Rochers v. Moynihan, 2016 U.S. Dist. LEXIS 196284, at *5-6, 2016 WL 11584833, at *2 (W.D. Tex. May 16, 2016) (finding plaintiff's "attempt to enforce an English law in an American court" to be "legally frivolous" where plaintiff purported to bring suit pursuant to the "Bills of Exchange Act of 1882"); Sabrina v. Scott Credit Union, 2023 U.S. Dist. LEXIS 218355, at *2-3, 2023 WL 8470105, at *1 (S.D. Ill. Dec. 7, 2023) ("First, the Plaintiff lacks standing under the statutes they invoke. The Plaintiff cites the Bill of Exchange Act, which is a Canadian law. Canadian law does not apply here; thus the Plaintiff's claims under foreign law are invalid."); Harp v. Police & Fire Fed. Credit Union, 2023 U.S. Dist. LEXIS 139418, at *4 & n.1, 2023 WL 5152625, at *1 & n.1 (E.D. Pa. Aug. 10, 2023) (where plaintiff accused defendant of violating its obligations under the "Bills of Exchange Act" by failing to recognize her manufactured documents as legal tender, the court noted that

"[t]here is no Act of Congress with this title"); Payne v. Spectrum, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) ("There is no federal subject matter jurisdiction over this case. Plaintiff is not able to pursue civil remedies under the Bill of Exchange Act or Federal Reserve Act, and the undersigned finds these claims to be legally frivolous.").

Thomas also references Sections 16 and 29 of the Federal Reserve Act in support of his assertion that this Court has federal question jurisdiction over this case. (Doc. 1 at 3). However,

> [n]either Section 16 nor Section 29 provide [Thomas] with a private right of action and therefore cannot serve as a basis for federal question jurisdiction. Section 16 concerns the issuance of federal reserve notes to federal reserve banks. See 12 U.S.C. § 411. Section 29 imposes civil penalties on banks for an array of misconduct. See 12 U.S.C. § 504. [Thomas] has not pleaded that [Progressive] is governed by these provisions. And district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action.

Payne, 2023 WL 8681199, at *2; see White, 2023 U.S. Dist. LEXIS 184024, at *3-5, 2023 WL 6036842, at *2 ("Section 16 of the Federal Reserve Act . . . was codified as Subchapter XII of Title 12, Chapter 3 of the United States Code; 12 U.S.C. § 411, *et seq.* Multiple courts across the country have held that this section does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction. . . . Similarly, Section 29 of the Federal Reserve Act does not provide Mr. White with a cause of action. Section 29 of Federal Reserve

12

Act was added by Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504.  But that statute provides that '[a]ny penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by (1) in the case of a national bank, by the Comptroller of the Currency; and (2) in the case of a State member bank, by the Board [of Governors of the Federal Reserve System].'  12 U.S.C. § 504(e).  Courts have therefore rejected attempts by private individuals to bring claims under that statute."); Morton v. Am. Express, 2023 U.S. Dist. LEXIS 209318, at *6, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) ("[I]t is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action and, consequently, do not provide a basis to invoke this Court's federal question jurisdiction."); Harp, 2023 U.S. Dist. LEXIS 139418, at *12, 2023 WL 5152625, at *4 ("[T]o the extent that Harp seeks to assert a claim under the Federal Reserve Act, she lacks a cause of action to do so.  In her Complaint, Harp seems to suggest that PFFCU was violating Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, which governs the issuance and redemption of Federal Reserve notes.  As a result, Harp alleges that PFFCU is subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct.  But the imposition of civil penalties under Section 29 is carried out by federal officials, and private

13

individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."); Mims v. Bank of Am., 2023 U.S. Dist. LEXIS 226577, at *4, 2023 WL 8804324, at *2 (E.D. Tex. Dec. 20, 2023) (noting courts' "collective agreement that neither Section 16 nor Section 29 of the Federal Reserve Act creates a private right of action").

Thomas further cites the "Cestui Que Vie Act" as a basis for federal question jurisdiction. (Doc. 1 at 3). However, "[t]he Cestui Que Vie Act, a 1666 Act of Parliament, is an English Law that plainly does not provide a basis for federal question jurisdiction." Mims, 2023 U.S. Dist. LEXIS 226577, at *2, 2023 WL 8804324, at *1; see White, 2023 U.S. Dist. LEXIS 184024, at *3-5, 2023 WL 6036842, at *2 (finding that plaintiff's reference to the "Cestui que Vie Act 1666" did not provide him with a colorable federal cause of action); Wood v. United States, 161 Fed. Cl. 30, 34-35 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court. . . . In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement. There is no jurisdiction in this court for fictitious claims.").

There is also no indication on the face of the complaint that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

14

Thomas denies that diversity jurisdiction applies, and the complaint is silent as to whether the parties are citizens of different states and whether the amount in controversy in this action exceeds the sum of $75,000. (See Doc. 1 at 3-4). Even assuming *arguendo* that Thomas and Progressive are citizens of different states, there is nothing to indicate that the instant controversy exceeds the sum of $75,000. On the contrary, the marked-up payment coupon attached to Thomas' complaint lists his remaining balance with Progressive as $1,008.58. (Doc. 1-1 at 2). Thus, the complaint fails to invoke this Court's diversity jurisdiction.

Because Thomas has not established that this case involves a non-frivolous question of federal law and has not alleged facts demonstrating the existence of diversity jurisdiction, his complaint is due to be dismissed without prejudice[6] for lack of subject matter jurisdiction.

Although the dismissal of Thomas' complaint must be without prejudice, the undersigned recommends that the case be dismissed without leave to amend. "Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which

---

[6] "If subject-matter jurisdiction does not exist, dismissal must be without prejudice." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021).

15

relief could be granted." Walters v. New Mexico, 2021 U.S. Dist. LEXIS 235858, at *8, 2021 WL 5827872, at *4 (M.D. Fla. Nov. 17, 2021) (citing Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam), report and recommendation adopted, 2021 U.S. Dist. LEXIS 234785, 2021 WL 5826238 (M.D. Fla. Dec. 8, 2021); see Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984) (stating that "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly"). However, leave to amend may be denied if an amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); see Walters, 2021 U.S. Dist. LEXIS 235858, at *8, 2021 WL 5827872, at *4 (recommending that complaint be dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend because amendment would be futile).

Thomas' complaint and other filings in this case are similar to many others "filed by *pro se* litigants filled with frivolous and nonsensical quasi-legal assertions and baseless theories in an attempt to avoid paying their debts and the consequences of their failure to pay their debts, in particular by alleging that they have satisfied their obligations through their own manufactured documents rather than legal forms of payment." White v. Regular-Ascendant Holidays, 2023 WL 8797513, at *3 (N.D. Ga. Oct. 25,

16

2023). Thomas has filed several similar actions in this Court,[7] all of which appear to be predicated on sovereign citizen and/or redemptionist legal theories that courts have repeatedly rejected as frivolous. See Thomas v. Servbank, 2023 U.S. Dist. LEXIS 218115, at *17-23 (S.D. Ala. Dec. 7, 2023) (explaining why the putative claims in Thomas' pending actions bear hallmarks of discredited sovereign citizen and redemptionist legal theories and are frivolous). Because Thomas' underlying legal theory in this action, although obscurely pled, is fundamentally frivolous, any amendment of his complaint would be futile and a further waste of this Court's time and resources.[8]

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that Progressive's motion to dismiss Thomas' complaint (Doc. 9) be

---

[7] See Thomas v. Wells Fargo Bank, No. 1:23-cv-00206-TFM-B (S.D. Ala. 2023); Thomas v. All In Credit Union, No. 1:23-cv-00215-TFM-B (S.D. Ala. 2023); Thomas v. Capital One, 1:23-cv-00216-TFM-B (S.D. Ala. 2023); Thomas v. Family Security Credit Union, No. 1:23-cv-00222-TFM-B (S.D. Ala. 2023); Thomas v. Servbank, No. 1:23-cv-00223-TFM-B (S.D. Ala. 2023); Thomas v. BMO Harris Bank, No. 1:23-cv-00224-TFM-B (S.D. Ala. 2023).

[8] Because Progressive's Rule 12(b)(1) facial attack on subject matter jurisdiction is due to be granted, the Court need not address Progressive's Rule 12(b)(6) motion to dismiss for failure to state a claim, its Rule 12(b)(5) motion to dismiss for insufficient service of process, or its alternative Rule 12(e) motion for a more definite statement. The undersigned notes that where, as here, "dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983).

**GRANTED in part,**[9] and that Thomas' complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, but without leave to amend.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

---

[9] Because Thomas' complaint is due to be dismissed for lack of subject matter jurisdiction and without leave to amend, Progressive's motion is **MOOT** to the extent it seeks dismissal for failure to state a claim, dismissal for insufficient service of process, or a more definite statement of Thomas' claims.

18

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **December, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
